IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria  Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:10cr394 |
| | ) | |
| PROSCOVIA KAMPIRE NZABANITA, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
IN OPEN COURT

NOV - 8 2010

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Gordon D.

Kromberg, Thomas H.  McQuillan, Assistant United States Attorneys, and John T.  Gibbs,

Department of Justice Trial Attorney, the defendant, PROSCOVIA KAMPIRE NZABANITA,

and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal

Rules of Criminal Procedure.  The terms of the agreement are as follows:

1.   **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a single count criminal

information charging the defendant with making a false official statement, in violation of Title

18, United States Code, Section 1001.  The maximum penalties for this offense are a maximum

term of eight years of imprisonment, a fine of $250,000, a special assessment, and three years of

supervised release.  The defendant understands that this supervised release term is in addition to

any prison term the defendant may receive, and that a violation of a term of supervised release

could result in the defendant being returned to prison for the full term of supervised release.

October 6, 2010 (5:51pm)

2.    **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged

offense.  The defendant admits the facts set forth in the statement of facts filed with this plea

agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable

doubt.  The statement of facts, which is hereby incorporated into this plea agreement, constitutes

a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3.    **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance.

The defendant understands that by entering into this agreement, defendant surrenders certain

rights as provided in this agreement.  The defendant understands that the rights of criminal

defendants include the following:

a.    the right to plead not guilty and to persist in that plea;

b.    the right to a jury trial;

c.    the right to be represented by counsel – and if necessary have the court

appoint counsel – at trial and at every other stage of the proceedings; and

d.    the right at trial to confront and cross-examine adverse witnesses, to be

protected from compelled self-incrimination, to testify and present

evidence, and to compel the attendance of witnesses.

4.    **Role of the Court and the Probation Office**

**Subject to the condition set forth in the third and fourth sentences of this**

**paragraph, the defendant's sentence shall be imposed pursuant to Rule 11(c)(1)(C) of the**

**Federal Rules of Criminal Procedure.  The United States and the defendant agree that a**

**sentence that includes no incarceration is the appropriate disposition of this case, and that, if the Court accepts the defendant's guilty plea, such recommendation or request binds the court pursuant to Rule 11(c)(1)(C).** The government's agreement that the sentence in this case should be governed by Rule 11(c)(1)(C), however, is specifically conditioned upon the successful entry of a guilty plea by the defendant's husband, Zachary Adam Chesser, in accordance with a separate plea agreement with the United States. Accordingly, if Zachary Adam Chesser fails to successfully enter a guilty plea in accordance with a separate plea agreement with the United States before sentence is imposed on the defendant PROSCOVIA KAMPIRE NZABANITA, then the agreement of the United States that the appropriate sentence in this case includes no incarceration shall be withdrawn, but the remainder of this agreement shall remain in full force and effect. Accordingly, the defendant understands that, if the agreement of the United States that the appropriate sentence in this case includes no incarceration is withdrawn, then the Court will have the jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). In that event:

A.    The defendant understands that the Court would not yet have determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, would be a prediction, not a promise, and would not be binding on the United States, the Probation Office, or the Court.

B.   Pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), might impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness.

C.   The United States makes no promise or representation concerning what sentence the defendant might receive, and the defendant could not withdraw a guilty plea based upon the actual sentence.

**5.   Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement.  This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).  The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 6.    Waiver of DNA Testing

The defendant also understands that Title 18, United States Code, Section 3600 affords a defendant the right to request DNA testing of evidence after conviction. Nonetheless, the defendant knowingly waives that right. The defendant further understands that this waiver applies to DNA testing of any items of evidence in this case that could be subjected to DNA testing, and that the waiver forecloses any opportunity to have evidence submitted for DNA testing in this case or in any post-conviction proceeding for any purpose, including to support a claim of innocence to the charges admitted in this plea agreement.

### 7.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

### 8.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons'

Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 9. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the defendant's information or statement of facts, or the information or statement of facts charging her husband, Zachary Chesser. This commitment remains binding even if the Court declines to accept the entry of the defendant's guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). This commitment does not remain binding, however, if the defendant's guilty plea is not accepted by reason of any act or omission of the defendant that indicates that she does not voluntarily and knowingly wish to plead guilty in accordance with this agreement.

### 10. Impact of Guilty Plea on Immigration Status

The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Because removal and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

**11.    Defendant's Agreement to Relinquish Lawful Status in the United States**

In consideration for the government's agreement that, pursuant to Rule 11(c)(1)(C), a sentence that includes no incarceration is the appropriate disposition of this case, the defendant agrees to relinquish - - and hereby relinquishes - - any lawful immigration status in the United States, and agrees to waive any forms of relief under the Immigration and Nationality Act (as amended).  As further consideration for the government's agreement as specified above, the defendant agrees to provide to the United States a completed and signed DHS form I-407 before her appearance in Court to enter her guilty plea in accordance with this agreement (regardless of whether her guilty plea is entered or accepted by the Court), and to surrender her Lawful Permanent Resident card to the United States at that same time.  As further consideration for the government's agreement as specified above, the defendant agrees to voluntarily remove herself from the United States in lieu of removal proceedings within 120 days of the day that she appears in Court to enter her guilty plea in accordance with this agreement (regardless of whether her guilty plea is entered or accepted by the Court).

**12. Consent Given for Removal from the United States**

Having relinquished any lawful immigration status in the United States, the defendant acknowledges that she is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS) if she fails to voluntarily remove herself from the United States in accordance with this agreement.  If the DHS files a Notice to Appear or other administrative charging document against her, the defendant agrees to stipulate to her immediate removal by using an approved stipulated request form where she acknowledges her rights in immigration proceedings and any form of relief she

may pursue and agrees to waive them.  The defendant acknowledges that by consenting to

removal, the defendant will be immediately removed from the United States upon the completion

of any period of incarceration and entry of an order of removal by an immigration judge if she

has not already voluntarily removed herself from the United States in accordance with this

agreement.  The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or

otherwise challenge this removal.  Further, the defendant will present a valid, unexpired passport

from Uganda and a receipt for a one-way airline ticket to a foreign country to this office within

90 days of the date of the defendant appears in Court to enter her guilty plea in accordance with

this agreement (regardless of whether the defendant's guilty plea is entered or accepted by the

Court).

### 13.  Waiver of Rights Related to Removal from the United States

Except as provided in the next paragraph, below, the defendant agrees to waive her rights

to apply for any and all forms of relief or protection from removal, deportation, or exclusion

under the Immigration and Nationality Act (as amended) and related federal regulations.  These

rights include, but are not limited to, the ability to apply for the following forms of relief or

protection from removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or

removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and

(g) protection under Article 3 of the Convention Against Torture. As part of this agreement, the

defendant specifically agrees to voluntarily depart the United States for a foreign country within

120 days of the date of the defendant appears in Court to enter her guilty plea in accordance with

this agreement (regardless of whether the defendant's guilty plea is entered or accepted by the

Court).

### 14.   Exception for Changed Circumstances Arising After Plea

Nothing in this plea agreement shall prohibit the defendant from applying for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture, provided the application is based solely on changed circumstances arising after the entry of this plea but before the defendant's removal.

### 15.   Abandonment of Pending Applications for Relief from Removal

The defendant agrees that upon entry of this plea agreement, the defendant abandons (1) any existing immigration benefit the defendant may hold and (2) any application for relief from removal, deportation, or exclusion the defendant may have filed prior to the completion of this plea agreement.  The defendant further agrees not to file or pursue any application for relief from removal, deportation, or exclusion, either written or oral, before any federal court, the Board of Immigration Appeals, an immigration judge, or the Department of Homeland Security (DHS), prior to the defendant's departure from the United States, except that the defendant may apply for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture as provided in the preceding paragraph of this plea agreement.

### 16.   The Defendant's Cooperation in the Defendant's Removal

If the defendant fails to voluntarily depart the United States for a foreign country within 120 days of the date she appears in Court to enter her guilty plea in accordance with this agreement (regardless of whether her guilty plea is entered or accepted by the Court), the defendant agrees to assist the DHS in the execution of her removal.  Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other documents necessary for her removal; to meet with and to cooperate with representatives of the country or countries to which

her removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite her removal. The defendant further understands that her failure or refusal to assist the DHS in the execution of her removal shall breach this plea agreement and may subject her to criminal penalties under Title 8, United States Code, Section 1253.

### 17.    Plea Agreement Binding for Purposes of Removal Proceedings.

The defendant agrees that she intends the agreements contained in this plea agreement to be binding upon her during any removal proceeding that may be instituted against her as a result of this plea agreement. In particular, the defendant acknowledges and agrees that the agreements concerning removal contained in the plea agreement were entered into by the defendant and the United States with the express understanding that the agreements are binding for purposes of any future removal proceeding before the Board of Immigration Appeals, an immigration judge, or the DHS.

### 18.    Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in

sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

     b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

     c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

     d.    The Department of Homeland Security will pursue the defendant's removal from the United States, including detaining her under civil immigration detention authority as authorized under 8 USC § 1226(a) and (c).

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

### 19. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Neil H. MacBride
United States Attorney

By: _____
Gordon D. Kromberg
Assistant United States Attorney

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 12/Oct./10 _____
PROSCOVIA KAMPIRE NZABANITA
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 10/12/10 _____
David B. Smith
Counsel for the Defendant